UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14056-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARITY BOATWRIGHT,

    Defendant.
_____/

FILED by _____ D.C.
MAR - 5 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** having come on to be heard upon the Order of Reference from the District Court for this Court to conduct a proceeding for acceptance of a guilty plea by the Defendant in the above referenced case and this Court having conducted a change of plea hearing on March 5, 2014, this Court recommends to the District Court as follows:

    1.    On March 5, 2014, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter. At the outset of the hearing this Court advised the Defendant of her right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised the Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case. This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. This Court advised the Defendant that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written Plea Agreement which had been entered into by the parties in this case. This Court reviewed that Plea Agreement on the record and had the Defendant acknowledge that she signed the Plea Agreement. This Court reviewed with the Defendant the maximum possible sentences as set forth in the Plea Agreement. The Defendant acknowledged that she understood any possible minimum and maximum penalties which could be imposed her case.

5. The Defendant pled guilty to Count Eighteen of the Indictment, which charges the Defendant with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A. The government agreed to seek dismissal of the remaining counts of the Indictment (Counts One through Seventeen) and the forfeiture provision, as to this Defendant, after sentencing.

6. The Plea Agreement contains a waiver of appeal. This Court read the waiver of appeal word for word to the Defendant on the record and questioned the Defendant thereafter. The Defendant acknowledged on the record in response to this Court's questions that by entering into the Plea Agreement containing the appeal waiver, that the

Defendant was waiving or giving up all rights to appeal any sentence imposed by the District Court in this case except under the limited circumstances contained within the appeal waiver provision read to the Defendant from the Plea Agreement.

7.  The parties submitted a written Stipulated Factual Basis which was signed by counsel for the government, counsel for the Defendant, and the Defendant. The Defendant acknowledged that she has discussed this Stipulated Factual Basis with her counsel, she completely understands the Stipulated Factual Basis and agrees that this Stipulated Factual Basis accurately sets forth the facts in her case as she understands them to be. This Court finds that the factual basis sets forth all of the essential elements of the crime to which the Defendant is pleading guilty as well as any sentencing enhancements and/or aggravating factors that may be applicable. Counsel for the government and counsel for the Defendant agreed that the Stipulated Factual Basis need not be read into the record since the original has been signed by all parties, including the Defendant, and the original will be filed with the Court.

8.  Based upon all of the foregoing and the plea colloquy conducted by this Court, this Court recommends to the District Court that the Defendant be found to have freely and voluntarily entered her guilty plea to Count Eighteen of the Indictment as more particularly described herein and that the Defendant be adjudicated guilty of that offense.

9.  A pre-sentence investigation is being prepared for the District Court by the United States Probation Office and sentencing has been set for **Monday, May 19, 2014, at 10:00 a.m., at the United States Courthouse, Courtroom #4008, 101 South U.S. Highway 1, Fort Pierce, Florida**.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant's plea of guilty be accepted, the Defendant be adjudicated guilty of the offense to which she has entered her plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days after being served with a copy of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 5th day of March, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Russell Killinger
AFPD Fletcher Peacock
U. S. Probation
U. S. Marshal